# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2640 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Andres Santiago vs. Dr. Pedro Albizu Campos PR Highsch. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration [57] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

# OPINION

This matter is before the court on Plaintiff Andres Santiago's (Santiago) *pro se* motion for reconsideration. On June 15, 2010, we granted Defendant's motion to dismiss with prejudice the federal claims in this case, and we dismissed without prejudice the remaining state law breach of contract claim. Santiago requests that the court reconsider its ruling and vacate the judgment entered in this case.

Federal Rule of Civil Procedure 59(e) (Rule 59(e)) permits parties to file, within 28 days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence'" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

# OPINION

Santiago contends that he properly pled a breach of contract claim. He contends that the claim is tied to the federal Constitution and thus his claim should be deemed a federal claim. However, the mere fact that Santiago references the federal Constitution in his breach of contract allegations does not render the breach of contract claim a federal claim. The facts alleged by Santiago indicate that the breach of contract claim is premised on a contractual relationship between Santiago and Defendant. Such a claim is a state law claim and was properly dismissed without prejudice by the court. Santiago also contends that he was somehow given improper advice by his appointed counsel, causing him to miss certain appeals filing deadlines in Illinois courts. Such matters concerning state court appeals are not at issue in this case and are not a basis for vacating the judgment in this case. Santiago has not provided any valid basis to vacate the judgment entered in this case. Santiago reiterates many of the same arguments that he presented in opposition to Defendant's motion to dismiss. The federal claims in this action were properly dismissed under the doctrine of res judicata. Therefore, we deny the motion for reconsideration.